**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VANCE MARCEL GIBSON,           ) | |
|                 Plaintiff            ) | C.A. No. 04-242 Erie |
|                              ) | |
|          v.           ) | District Judge Cohill |
|                              ) | Magistrate Judge Baxter |
| HENRY J. SADOWSKI, Regional Counsel   ) | |
| and UNITED STATES OF AMERICA,     ) | |
|                 Defendants.     ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss Plaintiff's amended complaint or, in the alternative, motion for summary judgment [Document # 25] be granted.

**II.     REPORT**

    **A.     Procedural History**

On August 26, 2004, Plaintiff Vance Marcel Gibson, an inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this *pro se* action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., against Defendant Henry J. Sadowski, Regional Counsel for the Federal Bureau of Prisons ("BOP"), alleging that BOP staff negligently lost various items of his personal property while he was incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"). On June 15, 2005, Defendant Sadowski filed a motion to dismiss Plaintiff's Complaint arguing, *inter alia*, that he is an improper party to an FTCA claim. (Document # 13). In response, Plaintiff filed an Amended Complaint on August 12, 2005, adding the United States of America as a Defendant and adding an additional tort claim under the FTCA for other property allegedly lost due to the negligence of BOP staff. Plaintiff seeks monetary damages in the amount of $ 237.52 for the value of the property he claims to have lost, plus compensatory damages of $ 20,000.00 for "cruel and unusual punishment."

Defendants have filed a motion to dismiss, or in the alternative, for summary judgment [Document # 25], arguing that (i) Defendant Sadowski should be dismissed as an improper party to an FTCA action, and (2) Plaintiff has failed to state a claim upon which relief may be granted, because there is "no waiver of sovereign immunity under the FTCA for claims alleging loss or destruction of property." (Document # 24 at p. 2). Despite being ordered to file a response to Defendants' motion by November 21, 2005, Plaintiff has not filed any response to date. (See, Order filed at Document # 26). This motion is now ripe for consideration.

### B.     Factual History

On June 8, 2003, Plaintiff's cell was searched by correctional officers at FCI-McKean, who discovered 3 milk bags of intoxicants hidden inside a loose wall vent. (Document # 20, Amended Complaint, at p. 1). As a result, Plaintiff and his cellmate were removed from the cell and placed in FCI-McKean's Special Housing Unit ("SHU"). (Amended Complaint at p. 2). The correctional officers then packed all property in the cell belonging to Plaintiff and his cellmate. An SHU officer inventoried Plaintiff's property on June 17, 2003, at which time Plaintiff claims to have advised the officer that several items of his personal property were missing, including:  a green one gallon cooler; large size chess pieces; a pair of black Air Nike sneakers; a do-rag, headband, and wristbands; various personal hygiene items; and books. (Amended Complaint at p. 2; Declaration of Roberta Truman attached to Document # 24, Defendants' Brief ("Truman Declaration"), at Exhibit 2).

After waiting three months for the missing property to be returned to him, Plaintiff filed an Administrative Tort Claim with the BOP's Northeast Regional Office on or about September 22, 2003, seeking monetary damages in the amount of $120.00 for the claimed value of the property items. (Truman Declaration, Exhibit 2). On March 3, 2004, Defendant Sadowski provided a written response denying Plaintiff's claim, stating, in pertinent part, as follows:

> Investigation reveals you were placed in the SHU at FCI McKean on June 8, 2003. Your personal property was secured, inventoried and placed in storage by staff. The Inmate Personal Property Records indicate you did not possess all of the alleged missing items. One item, a cooler, was confiscated from your property because it contained

> intoxicants. It was maintained with the evidence until its destruction on June 21, 2003. On June 17, 2003, you were given an opportunity to review your personal property with staff. You signed the inventory forms, without noting any damaged or missing items. There is no evidence you actually had all the alleged missing items properly secured in your assigned living area at the time of your placement in the SHU on June 8, 2003....

(Truman Declaration, Exhibit 3).

On August 18, 2003, a search of Plaintiff's cell was conducted by an FCI-McKean corrections officer, during which Plaintiff claims that a cellphone was discovered inside a can of mackerels that was in his personal food bin.[1] (Amended Complaint at p. 3). As a result, Plaintiff and his cellmate were placed in the SHU and their personal property was collected . On September 9, 2003, Plaintiff reviewed an inventory of his personal property and advised the property officer that certain items of property were missing, including an Aiwa radio, one pair of Koss R45 headphones, a Koss EQ-30 equalizer. (Amended Complaint at p. 3; Truman Declaration, Exhibit 5). Plaintiff noted these items on the inventory as missing property and then filed an Administrative Tort Claim seeking monetary damages of $ 162.00 for the claimed value of the property items. (Truman Declaration, Exhibit 5).[2] A few months later, Plaintiff's Aiwa radio and Koss equalizer were found and returned to him by FCI-McKean's property officer. (Amended Complaint at p. 4). As a result, Plaintiff amended his tort claim to indicate that he was only missing his headphones. (Truman Declaration, Exhibit 5 at p. 4). On March 2, 2004, Defendant Sadowski issued a written response denying Plaintiff's tort claim, finding "no evidence to suggest ... that your headphones were properly secured in your assigned living area at the time of your placement in the SHU on August 18, 2003." (Truman Declaration, Exhibit at

---

[1] Interestingly, in Plaintiff's subsequent Administrative Tort Claim related to this incident, Plaintiff makes no mention of a cellphone having been discovered but, instead, claims that the officer discovered a pen containing tobacco that smelled like marijuana. (Truman Declaration, Exhibit 5).

[2] In his Administrative Tort Claim, Plaintiff broke down the claimed value of each item as follows: Koss headphones $50.00, Koss EQ-30 $40.00, and Aiwa radio $72.00. (Truman Declaration, Exhibit 5 at p. 3). Plaintiff also made reference to a cooler being among the missing property; however, he did not place any value on the cooler, nor did he include the cooler in the property description section of the Administrative Tort Claim.

p. 4).

On May 7, 2004, Plaintiff was transferred from FCI-McKean to FCI-Fairton, New Jersey. (Amended Complaint at p. 4). On June 2, 2004, Plaintiff informed the property officer at FCI-Fairton that his Aiwa radio and 12 cans of mackerels were missing from his property that was transferred from FCI-McKean. The property officer explained to Plaintiff that the radio was missing and that FCI-McKean staff confiscated the mackerels. (Id.). As a result, Plaintiff filed an Administrative Tort Claim on August 23, 2004, seeking monetary damages in the amount of $ 117.52, representing the claimed value of his Aiwa radio, 12 cans of mackerels, and the headphones that had never been recovered. On February 16, 2005, Defendant Sadowski provided Plaintiff with a written response denying the tort claim, stating the following, in pertinent part:

> You previously filed [an Administrative Tort Claim] seeking compensation for a radio and a pair of headphones which were allegedly lost. On March 2, 2004, that tort claim was denied, and you have not provided any evidence in this tort claim to warrant reconsideration of the prior denial.
>
> Investigation reveals on August 18, 2003 ... a cellular telephone was discovered in one of your sealed packages of mackerel. Pursuant to Bureau of Prisons' policy, the remaining mackerel was searched for additional contraband and discarded. On May 7, 2004, you were transferred from FCI McKean to FCI Fairton. On that date, FCI McKean staff inventoried, packed and shipped your property to FCI Fairton, which arrived on June 2, 2004. Upon arrival, you were given an opportunity to review your personal property with FCI Fairton staff. You signed the Inmate Personal Property Record without noting any damaged or missing items....

(Truman Declaration, Exhibit 6).

### C. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless

the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

### 2.     Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial

burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim

if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### D.   Subject Matter Jurisdiction and the Federal Tort Claims Act

The Federal Tort Claims Act (FTCA) grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674. The FTCA specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency as a non-waivable prerequisite to the filing of the lawsuit. See Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). This requirement is set forth in 28 U.S.C. § 2675(a)[3]:

---

[3] Prior to 1996, FTCA claimants had the option of filing suit in federal court without first presenting their claims to the appropriate federal agency. Because the vast majority of these claims were ultimately settled before trial, however, the Department of Justice proposed that Congress amend the FTCA to "requir[e] all claims to be presented to the appropriate agency for consideration and possible settlement before a court action could be

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Thus, presentation of an administrative claim in accordance with 28 U.S.C. § 2675(a) is "a jurisdictional requirement and an absolute prerequisite to maintaining a civil action against the government under the FTCA." Valenzuela v. Thrifty Rent-A-Car, 1995 WL 708109, at *3 (E.D.Pa. Nov. 20, 1995). See also McNeil v. United States, 508 U.S. 106 (1993)(FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies); Livera v. First Nat. State Bank, 879 F.2d 1186, 1194 (3d Cir. 1989)(Exhaustion of administrative remedies is a jurisdictional requirement that cannot be waived and must be strictly construed). An administrative claim is deemed "presented" when the federal agency receives written notification of the alleged injuries accompanied by a claim for money damages set forth in a sum certain. 28 U.S.C. § 14.2; see also Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971).

### 1.     Exhaustion of Administrative Remedies

As has already been discussed in detail, Plaintiff filed three separate Administrative Tort Claims with the BOP, two on September 9, 2003, and the third on August 23, 2004. (Truman Declaration, Exhibits 2, 5, and 6).[4] Plaintiff received a written denial of his first Administrative

---

instituted. This procedure would make it possible for the claim first to be considered by the agency whose employee's activity allegedly caused the damage.... Since it is the one directly concerned, it can be expected that claims which are found to be meritorious can be settled more quickly without the need for filing suit and possible expensive and time-consuming litigation." S.Rep. No. 1327, 89th Cong., 2d Sess., 3 (1966), U.S. Code Cong. & Admin. News 1966, pp. 2515, 2517.

[4] It appears from the Amended Complaint that Plaintiff is seeking to recover monetary damages only for the property he claims to have lost in his first and third Administrative Tort Claims. (See Amended Complaint at pp. 12 and 14;

8

Tort Claim on or about March 3, 2004, and, thus, exhausted his administrative remedies with regard to such claim.  However, Plaintiff did not receive a written denial of his third Administrative Tort Claim until February 16, 2005, well after he initiated this lawsuit.

The plain language of the statute is clear that the administrative remedy process must be finally decided prior to the commencement of an action in federal court pursuant to the FTCA. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 111 (1993) ("the command that an 'action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally decided by the agency in writing' ... is unambiguous.  We are not free to rewrite the statutory text."). See also Sparrow v. United States Postal Service, 825 F.Supp. 252, 255 (9th Cir. 1993)("Because § 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, plaintiff's complaint cannot be cured through amendment, but instead, plaintiff must file a new suit").  Plaintiff filed the instant action before his third administrative tort claim was finally decided by the agency.  He cannot cure this procedural defect through amendment, but must file a new suit with regard to the claims raised in his third tort claim.  Thus, Plaintiff's FTCA claim regarding the property Plaintiff claims to have lost in his third Administrative Tort Claim, dated August 23, 2004, should be dismissed for lack of subject matter jurisdiction.

**2.     Monetary Damages**

28 U.S.C. § 2675(b) provides that an "[a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency...." This requirement is jurisdictional and cannot be waived. Adams v. U.S., 807 F.2d 318, 321 (2d Cir. 1986).  Thus, this Court lacks subject matter jurisdiction over any claim of damages that

---

Truman Declaration, Exhibits 2 and 6).  Plaintiff makes no claim for damages related to his second Administrative Tort Claim, in which Plaintiff claimed to have lost his Aiwa radio, Koss headphones., Koss equalizer, and a cooler. (Truman Declaration, Exhibit 5).  This is apparently due to the fact that the radio and equalizer were returned to Plaintiff after he filed the second tort claim, while the loss of the headphones was subsequently raised again in his third tort claim.  Nonetheless, Plaintiff has apparently dropped any claim he may have made with regard to the cooler referred to in his second tort claim.

exceeds the amount of the claim that was presented to the federal agency. Id.; see also Brown v. U.S., 2006 WL 83451 (E.D.Pa. Jan. 10, 2006).

In this case, Plaintiff seeks compensatory damages for "cruel and unusual" punishment in the amount of $20,000.00, which were not presented to the BOP in any of his Administrative Tort Claims. (Truman Declaration, Exhibits 2, 5 and 6). The only damages properly before this Court under 28 U.S.C. § 2675(b) are those that were presented in Plaintiff's first Administrative Tort Claim, or $ 120.00. Any claim of damages in excess of $120.00 should be dismissed for lack of subject matter jurisdiction.

### D. Discussion
#### 1. Defendant Sadowski

Defendants argue that Plaintiff cannot proceed with his claims against Defendant Sadowski because he is not a proper party under the FTCA. This Court agrees. Although the FTCA provides a limited waiver of sovereign immunity for certain torts committed by federal employees, the United States is the only proper defendant in an action brought under the FTCA. 28 U.S.C. § 2679; see, e.g., Good v. Ohio Edison Co., 149 F.3d 413, 418 (6th Cir. 1998); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998); Mars v. Hanberry, 752 F.2d 254, 255 (6th Cir. 1985). Thus, Plaintiff's FTCA claims against Defendant Sadowski should be dismissed.

#### 2. Detention of Goods Exception

Defendants argue that Plaintiff's property loss claims are not cognizable under the FTCA because they fall within the "detention of goods exception" to the Act's waiver of sovereign immunity. This exception is set forth at 28 U.S.C. § 2680(c) and provides that the government's waiver of immunity under the FTCA "shall not apply to ... *[a]ny claim arising in respect of* the assessment or collection of any tax or customs duty, or *the detention of any goods, merchandise, or other property by* any officer of customs or excise or *any other law enforcement officer*...." (emphasis added).

10

It is beyond dispute that the confiscation, bagging and inventorying of Plaintiff's personal property was a "detention of goods" within the meaning of 28 U.S.C. § 2680(c). See Kosak v. U.S., 465 U.S. 848, 854 (1984)(broadly interpreting the meaning of "arising in respect of ... the detention of goods" to apply to storage and negligent handling of property); Chapa v. U.S. Dept. of Justice, 399 F.3d 388, 391 (5th Cir. 2003)(BOP's process of packaging, inspecting and inventorying inmate's personal property to be transferred to new correctional facility held to be "detention" for purposes of 28 U.S.C. § 2680(c)); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002)(packaging and mailing of inmate's personal property to inmate's mother's address was "detention of goods" under 28 U.S.C. § 2680(c)); Smith v. U.S., 2006 WL 231663 at *2 (D.N.J. Jan. 30, 2006)(removal and storage of inmate's personal property after inmate was placed in SHU was a "detention of goods" under 28 U.S.C. § 2680(c)).

The only question regarding the applicability of the "detention of goods exception" is whether the phrase "any other law enforcement officer" includes a BOP corrections officer. Neither the United States Supreme Court nor the Third Circuit Court of Appeals has determined whether § 2680(c) covers only enforcement officers operating in a customs or tax capacity, or whether it covers law enforcement officers acting in any official capacity. Nevertheless, the majority of circuit courts that have addressed this issue have determined that the phrase "other law enforcement officer" as used in § 2680(c) should be read expansively to apply to any federal law enforcement officer carrying out a law enforcement function even if unrelated to customs or excise functions. See e.g. Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804 (9th Cir. 2003) (applying § 2680(c) to include BOP officers); Chapa, 339 F.3d at 390 (same); Hatten, 275 F.3d at 1210 (same); Cheney v. U.S., 972 F.2d 247, 248 (8th Cir. 1992)(applying § 2680(c) to include drug task force agents); Schlaebitz v. U.S. Dept. Of Justice, 924 F.2d 193, 195 (11th Cir. 1991) (applying § 2680(c) to include U.S. Marshals).

To the extent the Third Circuit has discussed § 2680(c), it appears that it would likely adopt the majority's expansive definition of "other law enforcement officer." For example, in U.S. v. Bein, 214 F.3d 408, 416 (3d Cir. 2000), the Court noted in dicta that an action against FBI officers and local police officers deputized as U.S. Marshals "might have been barred" by

11

§ 2680(c), had the plaintiffs brought their suit under the FTCA.  Similarly, in Schrob v. Catterson, 948 F.2d 1402, 1420 n. 16 (3d Cir. 1991), the Court cited § 2680(c) to "note that the [FTCA] specifically exempts the United States government from liability for the detention of property by its employees," implying that § 2680(c) applies to all government officials.

Further buttressing the majority's interpretation of § 2680(c) is the fact that "BOP officers are considered 'law enforcement officers' under several other statutes" outside the context of the FTCA.  Bramwell, 348 F.3d at 807.  These include "5 U.S.C. §§ 5541(3), 8331(20), and 8401(17)(D)(i)(civil service benefits eligibility); 42 U.S.C. § 3796b(6)(public safety officers' death benefits); and 18 U.S.C. § 3592(c)(14)(D) and 21 U.S.C. § 848(e)(2) (authorizing the federal death penalty for killing a 'law enforcement officer')."  Id.

Based on the foregoing, this Court finds that the BOP officers who detained Plaintiff's personal property were "other law enforcement officers" under 28 U.S. § 2680(c), such that Plaintiff's property loss claims fall within the "detention of goods exception" to the FTCA's waiver of sovereign immunity.  As a result, Plaintiff's FTCA claims should be dismissed.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss Plaintiff's Amended Complaint, or in the alternative, motion for summary judgment [Document # 25] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: February 23, 2006

cc: The Honorable Maurice B. Cohill
United States District Judge