IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANCE MARCEL GIBSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 04-242 Erie |
| ) | |
| HENRY J. SADOWSKI AND ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendants ) | |
| ) | |

## OPINION AND ORDER

On August 26, 2004, Plaintiff Vance Marcel Gibson instituted an action against Defendant Henry J. Sadowski, Regional Counsel for the Federal Bureau of Prisons ("BOP"), pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* In his Complaint, Plaintiff alleged that on or about June 8, 2003, BOP staff at the Federal Correction Institution at McKean negligently or intentionally lost or destroyed various pieces of Plaintiff's personal property. This case was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1) and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Thereafter, on August 12, 2005, Plaintiff filed an Amended Complaint. In his Amended Complaint, Plaintiff added the United States of America as a defendant and added an additional FTCA claim, alleging that on or about August 23, 2004, a BOP officer at FCI McKean negligently or intentionally lost or destroyed Plaintiff's property.

On September 22, 2005, Defendants Henry J. Sadowski and the United States of America filed a Motion to Dismiss Plaintiff Vance Marcel Gibson's Amended Complaint or, in the

Alternative, Motion for Summary Judgment (Doc. #25). On February 23, 2006, Magistrate Judge Baxter issued a Report and Recommendation recommending that Defendant's motion be granted (Doc. 29). On March 30, 2006, Plaintiff filed objections to said Report and Recommendation.

After *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation and objections thereto, the Report and Recommendation is adopted as to the recommendation that: (1) Plaintiff failed to exhaust his administrative remedies with respect to his third Administrative Tort Claim and therefore, Plaintiff's FTCA claim regarding the property he claims to have lost in his third Administrative Tort Claim, dated August 23, 2004, should be dismissed for lack of subject matter jurisdiction; (2) the only damages properly before this Court under 28 U.S.C. § 2657(b) are those that were presented in Plaintiff's first Administrative Tort Claim, or $120.00, and therefore, any claim of damages in excess of $120.00 should be dismissed for lack of subject matter jurisdiction; and (3) the United States is the only proper defendant in an action brought under the FTCA and therefore, Defendant Sadowski should be dismissed as a defendant in this action.

Magistrate Judge Baxter's Report and Recommendation is not adopted as to her conclusion that the United States of America cannot be sued under the FTCA because Plaintiff's property loss claims fall within the "detention of goods" exception to the FTCA, see 28 U.S.C. § 2680(c).

I. Analysis of 28 U.S.C. § 2680(c) "detention of goods" exception to the FTCA.

28 U.S.C. § 2680(c) provides as follows:

The provisions of this chapter and section 1346(b) of this title shall not apply to –
(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, **or the detention of any goods, merchandise, or other property**

2

**by any officer of customs or excise or any other law enforcement officer**, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if –

(1) the property was seized for the purpose of forfeiture under any provision of Federal Law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;

(2) the interest of the claimant was not forfeited;

(3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and

(4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c) (footnote omitted) (emphasis added). The question for purposes of this action is whether the phrase "any other law enforcement officer" in § 2680(c) includes all law enforcement officers acting in any official capacity who have detained property, which would include the conduct at issue in this case, or alternatively, whether it includes only law enforcement officers who detain property while operating in a customs or tax capacity.

This language has presented problems of statutory interpretation for ten different circuit courts. It has not been considered by the Unites States Court of Appeals for the Third Circuit.

Six of the circuit courts have interpreted the phrase "any other law enforcement officer" to be read expansively so that the BOP officers in this case would be considered "other law enforcement officer[s]" for purposes of the statute and therefore, immune from suit under the FTCA.[1]

---

[1] See Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 807 (9th Cir. 2003); Chapa v. U.S. Dept. of Justice, 339 F.3d 388, 390 (5th Cir. 2003); Hatten v. White, 275 F.3d 1208, 1210

Four other circuit courts have narrowly interpreted the statute and held that the term "any other law enforcement officer" must be interpreted to include only those law enforcement officers acting in an excise or customs capacity.[2] Under this interpretation, the BOP officers in this case would not be considered "other law enforcement officer[s]," and therefore, would not be immune from suit under the FTCA.

The most recent circuit court decision comes from the Fourth Circuit Court of Appeals in Andrews v. United States of America, 441 F.3d 220 (4th Cir. 2006). As in our case, Andrews involved a prison inmate suing under the FTCA to recover for the loss of his property due to the alleged negligence of a Bureau of Prisons officer.

We see no point in regurgitating the Andrews decision here. The facts of the Andrews case are strikingly similar to those here. In a two to one decision the Andrews court held that "the phrase 'any other law enforcement officer' is limited to those officers acting in a tax or customs capacity. Because the BOP officer who moved [the plaintiff's] property was not acting in this capacity, §2680(c) does not bar [the plaintiff's] complaint." Id. at 227. Therefore, the plaintiff could file his FTCA law suit.

We believe that the exhaustive analysis by Circuit Judge Williams in Andrews is persuasive. Therefore, we hold, for the reasons set forth in Andrews, that this case may go forward, limited to a claim for $120.00 by the plaintiff.

---

(10th Cir. 2002); Cheney v. U.S., 972 F.2d 247, 248 (8th Cir. 1992); Schlaebitz v. U.S. Dept. Of Justice, 924 F.2d 193, 195 (11th Cir. 1991); Ysasi v. Rivkind, 856 F.2d 1520, 1524 (Fed Cir. 1988).

[2]See Andrews v. United States of America, 441 F.3d 220 (4th Cir. 2006); Ortloff v. United States, 335 F.3d 652 (7th Cir. 2003), cert. den'd, 540 U.S. 1225 (2004); Bazuaye v. United States, 83 F.3d 482 (D.C. Cir. 1996); Kurinsky v. U.S., 33 F.3d 594, 596-97 (6th Cir. 1994), cert. den'd, 514 U.S. 1082 (1995).

4

An appropriate Order follows:

## **ORDER**

AND NOW, this 26ʰ day of June, 2006, after *de novo* review of the pleadings and documents in this case, together with the report and recommendation filed by Magistrate Judge Baxter on February 23, 2006 and Plaintiff's objections thereto filed by Plaintiff on March 30, 2006, it is HEREBY ORDERED, ADJUDGED AND DECREED that the Report and Recommendation of Magistrate Judge Baxter dated February 23, 2006, is adopted as the opinion of this Court only as to Magistrate Judge Baxter's report and recommendation as follows:

(1) Plaintiff failed to exhaust his administrative remedies with respect to his third Administrative Tort Claim and therefore, Plaintiff's FTCA claim regarding the property Plaintiff claims to have lost in his third Administrative Tort Claim, dated August 23, 2004, should be dismissed for lack of subject matter jurisdiction;

(2) the only damages properly before this Court under 28 U.S.C. § 2657(b) are those that were presented in Plaintiff's first Administrative Tort Claim, or $120.00, and therefore, any claim of damages sought by Plaintiff in excess of $120.00 should be dismissed for lack of subject matter jurisdiction; and

(3) the United States is the only proper defendant in an action brought under the FTCA and therefore, Defendant Sadowski should be dismissed as a defendant in this action.

Defendant's Motion to Dismiss, or in the Alternative, For Summary Judgment (Doc. #25), is GRANTED as to:

(1) Plaintiff's FTCA claim regarding the property Plaintiff claims to have lost in his third Administrative Tort Claim, dated August 23, 2004;

(2) any damages sought in excess of $120.00; and

(3) Defendant Sadowski's dismissal as a defendant in this action.

It is FURTHER ORDERED, ADJUDGED AND DECREED that the Report and Recommendation of Magistrate Judge Baxter dated February 23, 2006, is not adopted as to Defendants' argument that Plaintiff's FTCA claims are exempted pursuant to 28 U.S.C. §2680(c). With respect to this argument, Defendant's Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, for Summary Judgment (Doc. #25) is DENIED. Accordingly, Plaintiff's FTCA claim related to his first Administrative Tort Claim remains a viable claim against Defendant United States of America.

This matter is referred back to Magistrate Judge Baxter for further proceedings.

*Maurice B. Cohill, Jr.*
Judge Maurice B. Cohill, Jr.
Senior Judge


cc:  counsel of record
     Vance Marcel Gibson