IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANCE MARCEL GIBSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 04-242 Erie |
| | ) |
| HENRY J. SADOWSKI AND | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendants | ) |
| | ) |

### OPINION AND ORDER

Pending before this Court is "The United States' Motion to Reconsider that Portion of the Court's June 26, 2006 Opinion and Order Denying Application of the Detention of Goods Exception to the FTCA."

A district court will reconsider an issue "when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice." NL Indus., Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir.1995). "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." Prusky v. Phoenix Life Ins. Co., 2003 WL 22597610, *2 (E.D.Pa. Nov. 4, 2003) (citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993). "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." Haymond v. Lundy, 205 F.Supp.2d 390, 395 (E.D.Pa. 2002) (citing Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.), affirmed, 31 F.3d 1175 (3d Cir.1994).

Defendants appear to be seeking reconsideration based on the need to correct a clear error or prevent manifest injustice. "Reconsideration and dismissal [of Plaintiff's remaining FTCA claim against the United States] are warranted because an amendment to the detention of goods exception in 2000 demonstrates that the phrase 'any other law enforcement officer' should be interpreted broadly to include BOP corrections officers. Moreover, this Court's interpretation of the detention of goods exception conflicts with the decisions of other judges in this judicial district, including District Judge Sean J. McLaughlin." Defendant's Supporting Brief, p. 2.

The fact that this Court's interpretation of 28 U.S.C. § 2860(c) conflicts with the decisions of other judges in this judicial district is not the proper basis for a motion for reconsideration. Whether this Court erred, however, in not giving proper consideration to the amendment to § 2860(c) in 2000, is another matter.[1]

The current version of § 2860(c) came into being after Congress amended an earlier version of the statute by passing the Civil Asset Forfeiture Act of 2000. Defendant's argument is that under the current version of 28 U.S.C. § 2860(c), the term "any other law enforcement officer" should be interpreted broadly to include Bureau of Prison officers. Upon consideration of this argument, the Court finds that the Defendant's position is persuasive. Accordingly, after reconsideration of the issue of whether the phrase "any other law enforcement officer" in §2680(c) includes all law enforcement officers acting in an official capacity who have detained property, which would include the alleged conduct by the BOP officers in this case, the Court

---

[1] It must be noted that the Government never discussed the 2000 amendment to § 2860(c) in its original motion or supporting brief. Instead, in support of its motion to dismiss, the Government simply cited the Court to decisions from other courts which "have recently applied [§2680](c)] to bar claims against prison officials for allegedly mishandling inmate property." See Government's Supporting Brief, p. 7.

finds that the phrase "any other law enforcement officer" does include all law enforcement officers acting in an official capacity who have detained property. Thus, because the Bureau of Prison officers who allegedly either lost or destroyed Plaintiff's personal property at FCI McKean were law enforcement officers acting in an official capacity at the time they detained, and subsequently either lost or destroyed, the Plaintiff's property, the Defendant United States of America is immune from suit under the FTCA because of the applicability of 28 U.S.C. § 2680(c) and this Court lacks subject matter jurisdiction over Plaintiff's FTCA claim.

The Government's Motion to Reconsider that Portion of the Court's June 29, 2006 Opinion and Order Denying Application of the Detention of Goods Exception to the FTCA is granted. Defendant's Motion to Dismiss Plaintiff's FTCA claim against it on the grounds that this Court does not have subject matter jurisdiction over Plaintiff's FTCA claim is granted.

An appropriate Order follows:

## **ORDER**

AND NOW, this 17th day of October, 2006, it is hereby ORDERED, ADJUDGED AND DECREED that the Government's Motion to Reconsider that Portion of the Court's June 29, 2006 Opinion and Order Denying Application of the Detention of Goods Exception to the FTCA is GRANTED.

It is further hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss Plaintiff's FTCA claim against the Defendant is GRANTED on the basis that this Court does not have subject matter jurisdiction over Plaintiff's FTCA claim. Plaintiff's FTCA

claim against the Defendant is DISMISSED WITH PREJUDICE. The Clerk of Court shall mark this case "CLOSED."

*Maurice B. Cohill Jr.*
Judge Maurice B. Cohill, Jr.
Senior Judge

cc: counsel of record
Vance Marcel Gibson